UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD OVERSTREET, | ) | 1:04-cv-05799-REC-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING MOTION FOR STAY |
| | ) | OF PROCEEDINGS ON PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |
| v. | ) | (Doc. 16) |
| | ) | |
| | ) | ORDER FOR PETITIONER TO FILE |
| JAMES A. YATES, | ) | STATUS REPORTS |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed a petition for review in the California Supreme Court from his conviction for continuous sexual abuse of a child (Cal. Penal Code § 288.5). Petitioner was sentenced to a term of twelve years in state prison; he subsequently appealed his conviction. (Doc. 1, p. 2). On direct appeal, Petitioner's arguments were rejected by the California Court of Appeal, and on April 28, 2004, the California Supreme Court denied his petition for review. (Court Doc. 10, Exh. 4). Petitioner filed no petition for writ of habeas corpus in the California Supreme Court at that time.

On June 4, 2004, Petitioner filed the original federal habeas petition, which raised two grounds for relief: (1) ineffective assistance of trial counsel in failing to object to allegedly improper expert testimony; and (2) the victim's testimony was tainted because the victim admitted in court to

1  lying about the abuse, yet the court allowed her testimony.  (Doc. 1, p. 5).  On October 15, 2004,
2  Respondent filed a motion to dismiss the petition on the ground that Petitioner had failed to exhaust
3  state court remedies with respect to Ground Two.  (Doc. 10).  Thus, Respondent argued, the petition
4  was mixed and required dismissal in its entirety if Petitioner did not elect to withdraw the claims or
5  move for holding the petition in abeyance.  (Id.).  On October 25, 2004, Petitioner filed a motion to
6  amend the petition seeking leave to withdraw the unexhausted claim.  (Doc. 11).  On December 29,
7  2004, the Court granted Petitioner's motion to withdraw the unexhausted claim and recommended
8  that Respondent's motion to dismiss be denied.  (Doc. 12).  On February 8, 2005, the District Judge
9  adopted in full the Magistrate Judge's Findings and Recommendations denying respondent's motion
10 to dismiss.  (Doc. 17).

11        On February 3, 2005, Petitioner filed an amended petition that omitted the unexhausted
12 claim.  (Doc. 15).  At the same time, Petitioner filed the instant motion to stay proceedings on the
13 amended petition to permit Petitioner to exhaust the unexhausted claim in state court.  (Doc. 16).

## DISCUSSION

15        Traditionally, a district court has had the discretion to stay a petition which it may validly
16 consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th
17 Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002
18 (1997).  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte
19 blanche to stay even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a
20 stay is appropriate where there is no intention on the part of the petitioner to delay or harass and in
21 order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper
22 for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance
23 in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small,
24 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James
25 v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

26        Notwithstanding the foregoing, until recently, federal case law continued to require that the
27 Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy,
28 455 U.S. 509 (1982).  However, on March 30, 2005, the United States Supreme Court decided

<u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005).  Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and <u>Lundy</u>'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  <u>Rhines</u>, 125 S.Ct. at 1533-1534.  In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  <u>Rhines</u>, 125 S.Ct. at 1535.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  <u>Id</u>.

Here, Petitioner has withdrawn his unexhausted claim, filed an amended petition containing only the exhausted claim, and is pursuing state habeas remedies in an effort to exhaust the unexhausted claim originally filed in this case.  (Doc. 16, p. 1).  In his motion for a stay, Petitioner indicates that his state habeas petition was denied by the Tulare County Superior Court on November 9, 2004, and by the California Court of Appeal, Fifth Appellate District, on December 20, 2004.  (Doc. 16, p. 1).  Petitioner's habeas petition in the California Supreme Court is pending.  (<u>Id</u>. at p. 2).

Thus, it appears to the Court that Petitioner is attempting to exhaust his claims in a timely and expeditious manner and there is no indication that, in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings nor does it appear that Petitioner is engaging in dilatory conduct.  Although the Court is not prepared at this time to make an assessment of the merits of the sole remaining claim in the instant petition, a preliminary review of that claim indicates that Petitioner has alleged a constitutional violation.  Moreover, it appears that Petitioner is proceeding in good faith and that no prejudice would inure to the parties by granting the requested stay.

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

1    Therefore, good cause having been presented and good cause appearing therefore, the Court
2    will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of
3    habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.
4    However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d
5    at 988 n. 11. No later than thirty (30) days after the date of service of this Order Petitioner must
6    inform the Court of the status of the habeas proceedings in state court, including the dates his cases
7    were filed, the case numbers, and any outcomes.[2] Further, Petitioner must proceed diligently to
8    pursue his state court remedies, and every sixty (60) days after the filing of the initial status report
9    Petitioner must file a *new* status report regarding the status of his state court habeas corpus
10   proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days
11   within which to file a motion for leave to amend the instant petition to include the newly exhausted
12   claims. Failure to comply with these instructions and time allowances will result in this Court
13   vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 16), is GRANTED;

2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report; and

///
///
///

---

[2] The filing should be entitled "Status Report."

5.  Petitioner is GRANTED thirty (30) days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims.

IT IS SO ORDERED.

Dated:     May 23, 2005                                  /s/ Theresa A. Goldner
j6eb3d                                           UNITED STATES MAGISTRATE JUDGE