UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD OVERSTREET, | ) | 1:04-cv-05799-REC-TAG HC |
| | ) | |
| Petitioner, | ) | REPORT AND RECOMMENDATION |
| | ) | TO DENY PETITIONER'S MOTION |
| | ) | FOR INJUNCTIVE RELIEF (Doc. 20) |
| v. | ) | |
| | ) | |
| JAMES A. YATES, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On July 6, 2005, Petitioner filed an Ex-Parte Motion for Order to Person Having Custody of Petitioner to Retain Custody of Prisoner. (Doc. 20). Petitioner moves the Court to order Respondent not to transfer him to another prison. In his motion, Petitioner contends that although he is currently incarcerated at Pleasant Valley State Prison ("PVSP"), he has been "reviewed for transfer to another prison," is currently availing himself of "inmate assistance" within PVSP, that the proposed transfer is for "non-adverse" reasons, and that a transfer will "cause Petitioner undue hardship with maintaining active court proceedings." (Doc. 20, pp. 2-3). Petitioner asks the Court to intervene by issuing an order "detaining/retaining him" at PVSP pending habeas corpus review by this Court. (Doc. 20, p. 3).

In support of his motion, Petitioner attaches a declaration from Douglas Langill, also an inmate at PVSP, who states that he is the individual providing legal "advice" to Petitioner regarding this case and that he will continue to do so as long as Petitioner is confined at that institution. (Doc. 20, p. 4).

**DISCUSSION**

Petitioner moves the Court to order Respondent not to transfer him to another prison, pursuant to Rule 23(a) of the Federal Rules of Appellate Procedure. However, Rule 23(a) applies only to prisoner transfers pending review of federal habeas corpus decisions. The Court construes Petitioner's motion as a request for injunctive relief. The relief requested by Petitioner relates to the conditions of Petitioner's confinement, not to the fact or duration of his incarceration, thus this Court lacks jurisdiction to grant his request.

A. <u>Rule 23(a) of the Federal Rules of Appellate Procedure Applies Only To Transfers Pending Appellate Review</u>.

Petitioner seeks relief "in accordance to local rules, and Federal Rules of Appellate Procedure 23(a) Transfer of Custody Pending Review." (Court Doc. 20, p. 2). Rule 23(a) of the Federal Rules of Appellate Procedure provides:

> Rule 23. Custody or Release of a Prisoner in a Habeas Corpus Proceeding
>
> (a) Transfer of Custody Pending Review. Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless the transfer is directed in accordance with this rule. When, upon application, a custodian shows a need for a transfer, the court, justice or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Rule 23(a) of the Federal Rules of Appellate Procedure applies to the transfer of custody of prisoners "[p]ending review of a decision in a habeas corpus proceeding." Rule 23(a) applies only to prisoner transfers in habeas cases in which decisions have already been entered and where review of those decisions are pending. No decision has been entered in this case. Indeed, the case is currently being held in abeyance pending Petitioner's exhaustion of certain issues in state court. Since Rule 23(a) applies only to habeas corpus decisions that are on appeal, the Court has no power to issue an injunction pursuant to Rule 23(a) and, therefore, Petitioner's request for relief must be denied.

B. <u>The Requirements For Injunctive Relief Have Not Been Satisfied</u>.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). The general legal principles applicable to a request for preliminary injunctive relief are well established. To prevail, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in the moving party's favor, and at least a fair chance of success on the merits. <u>Owner Operator Indep. Drivers Ass'n., Inc. v. Swift Transp. Co., Inc.</u>, 367 F.3d 1108, 1111 (9th Cir. 2004). These two formulations represent two points on a sliding scale, on which the required degree of irreparable injury increases as the probability of success decreases. <u>Id</u>.; <u>Oakland Tribune,Inc. v. Chronicle Publishing Company, Inc</u>., 762 F.2d 1374, 1376 (9th Cir. 1985). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Oakland Tribune, Inc</u>., 762 F.2d at 1376. In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. <u>Id</u>. Here, Petitioner has failed to show irreparable harm.

Although Petitioner contends that his ability to represent himself in this case will be prejudiced by a transfer to another penal institution, his generalized allegation, without more, fails to demonstrate actual injury, as required by <u>Lewis v. Casey</u>, 518 U.S. 343 (1996). First, Petitioner's concerns are, at present, purely hypothetical. Although Petitioner has been "reviewed" for transfer, no transfer has taken place, nor has one been ordered. From the present record, the Court cannot determine whether a transfer is probable. Accordingly, the harm Petitioner alleges is speculative and contingent at the present time.

Moreover, although Petitioner has been able to locate an inmate at his current prison to assist him in this case, Petitioner has not established that this individual is the only inmate within the California Department of Corrections capable of rendering him assistance or that Petitioner will be unable to obtain similar, and perhaps even better, assistance at other institutions, should a transfer take place.

1    Thus, because Petitioner has not made an adequate showing that he has suffered or is in
2 imminent danger of suffering irreparable injury, the Court must recommend that injunctive relief be
3 denied. <u>Oakland Tribune, Inc.</u>, 762 F.2d at 1376.
4    C. <u>The Court Lacks Habeas Jurisdiction To Consider Conditions of Confinement</u>.
5    Additionally, the Court lacks jurisdiction, within the framework of a habeas corpus
6 proceeding, to grant the relief Petitioner requests.  A federal court is a court of limited jurisdiction.
7 As a threshold and preliminary matter, the Court must have before it for consideration a "case" or
8 "controversy." <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968).  Absent such a case or controversy, the
9 Court has no power to hear the matter. <u>Rivera v. Freeman</u>, 469 F.2d 1159, 1162-1163 (9th Cir.
10 1972).
11    The Court's habeas jurisdiction was invoked and is delimited by the amended habeas corpus
12 petition challenging Petitioner's 2002 conviction for a violation of California Penal Code § 288.5
13 (sexual assault on a child), and his subsequent twelve-year prison sentence. (Doc. 15, p. 2).  Thus,
14 the "case" or "controversy" over which this Court now has habeas jurisdiction is framed by the
15 allegations in the amended petition.  None of those claims, however, relates in any fashion to the
16 location of Petitioner's incarceration within the California Department of Corrections.   Since the
17 amended petition does not contain allegations raising issues similar to those presented in Petitioner's
18 motion, there is no controversy present with respect to the issues in Petitioner's motion to which the
19 Court's habeas jurisdiction would extend, nor would the issuance of the order sought by Petitioner in
20 his motion provide relief as to any of the claims contained in his amended petition. Accordingly, the
21 Court lacks jurisdiction to issue such an order.
22    Petitioner's objections are conditions of confinement claims more properly raised under
23 42 U.S.C. § 1983.  A habeas corpus action is the proper mechanism for a prisoner to challenge the
24 fact or  duration of his confinement. <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991); <u>Tucker v.
25 Carlson</u>, 925 F.2d 330, 332 (9th Cir. 1991); <u>Crawford v. Bell</u>, 599 F.2d 890, 891-892 (9th Cir.
26 1979); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In
27 contrast, a civil rights action pursuant to 42 U.S.C. § 1983, where the defendants are state actors, or
28 an action pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), where

1 the defendants are federal actors, is the proper method for challenging the conditions of confinement.

2 See McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991); Preiser v. Rodriguez, 411 U.S. 475, 499

3 (1973); Badea, 931 F.2d at 574; Tucker, 925 F.2d at 332.

4     By his motion, Petitioner seeks injunctive relief with respect to conditions of confinement

5 (i.e., location); the motion does not seek relief based on a challenge to the fact or duration of

6 confinement. Thus, the appropriate vehicle for such a claim is an action pursuant to 42 U.S.C.

7 § 1983.

## RECOMMENDATION

9     Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's ex-parte motion

10 for an order prohibiting transfer (Doc. 20), be DENIED.

11     This Report and Recommendation will be submitted to the Senior United States District

12 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty

13 (30) days after being served with a copy of this Report and Recommendation, any party may file

14 written objections with the Court and serve a copy on all parties.  Such a document should be

15 captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the

16 Objections shall be served and filed within ten (10) court days (plus three (3) days if served by mail)

17 after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to

18 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

19 time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th

20 Cir. 1991).

21

22 IT IS SO ORDERED.

23 **Dated:   August 12, 2005**                /s/ Theresa A. Goldner
j6eb3d                             UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28