# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD OVERSTREET, ) | 1:04-cv-05799-REC-TAG HC |
| ) | |
| Petitioner, ) | ORDER GRANTING MOTION FOR LEAVE |
| ) | TO FILE AMENDED PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| v. ) | (Doc. 28) |
| ) | |
| ) | ORDER DENYING PETITIONER'S |
| JAMES A. YATES, ) | MOTION FOR APPOINTMENT OF |
| ) | COUNSEL (Doc. 29) |
| Respondent. ) | |
| _____ ) | ORDER DIRECTING CLERK OF COURT |
| | TO SEND PETITIONER BLANK FORM |
| | PETITION |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 4, 2004, Petitioner filed the original federal habeas petition in this case, raising two grounds for relief: (1) ineffective assistance of trial counsel in failing to object to allegedly improper expert testimony; and (2) the victim's testimony was tainted because the victim admitted in court to lying about the abuse, yet the court allowed her testimony. (Doc. 1). On October 15, 2004, Respondent filed a Motion to Dismiss the Petition on the grounds that Petitioner had failed to exhaust state court remedies with respect to Ground Two. (Doc. 10). On October 25, 2004, Petitioner filed a Motion to Amend the Petition seeking leave to withdraw the unexhausted claim. (Doc. 11). On December 29, 2004, the Court granted Petitioner's motion to withdraw the

unexhausted claim and recommended that Respondent's motion to dismiss be denied. (Doc. 12). On February 8, 2005, the District Judge adopted in full the Magistrate Judge's Findings and Recommendations denying Respondent's motion to dismiss. (Doc. 17).

On February 3, 2005, Petitioner filed an amended petition that omitted the unexhausted claim. (Doc. 15). At the same time, Petitioner filed a motion to stay proceedings on the amended petition to permit Petitioner to exhaust the unexhausted claim in state court. (Doc. 16). The Court granted this motion on May 23, 2005. (Doc. 18). In that Order, the Court required Petitioner to file periodic status reports and, when his state court claims were finally exhausted, to seek leave of this Court before filing an amended petition. (Id.). On November 23, 2005, Petitioner filed his motion for leave to file an amended petition, indicating therein that his state court claims are now exhausted. (Doc. 28). Concurrently, Petitioner has filed a motion for appointment of counsel. (Doc. 29).

## DISCUSSION

A. Leave to Amend.

Consistent with Ninth Circuit precedent, this Court had previously granted a stay of proceedings on this exhausted petition to permit Petitioner to exhaust additional claims in state court. See Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981. Petitioner has now advised the Court that the two previously-unexhausted claims have now been exhausted and that Petitioner seeks leave of Court to amend his petition to include those newly-exhausted claims. Petitioner has, in the Court's view, presented good cause for granting leave for such an amendment.

B. Appointment of Counsel.

Petitioner requests appointment of counsel because he is a layman and cannot afford to hire an attorney. (Doc. 29). There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

Petitioner's professed circumstances, i.e., his indigence and lack of legal training, are far from unique; indeed, he shares those circumstances with most habeas corpus petitioners that appear in this Court. Accordingly, the Court does not find that the interests of justice would be served by the appointment of counsel at the present time.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for appointment of counsel (Doc. 29), is DENIED without prejudice;

2. Petitioner's motion to file an amended habeas corpus petition that includes the newly exhausted claims (Doc. 28), is GRANTED. Petitioner must file his amended petition within thirty (30) days of the date of service of this Order. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner is advised that the form petition must set forth all claims for relief, including the facts and arguments in support of those claims. Petitioner should also note that every pleading to which an amendment is permitted must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading. Local Rule 15-220. Finally, Petitioner should include a copy of his state habeas corpus petition raising the newly-exhausted claims as well as the order from the California Supreme Court denying said claims, in order for this Court to evaluate whether the new claims are in fact exhausted.

3. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   November 30, 2005**            /s/ Theresa A. Goldner
j6eb3d                                           UNITED STATES MAGISTRATE JUDGE